UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OEC FREIGHT (NY), INC., *doing business as OEC GROUP*,<br><br>Plaintiff,<br><br>-against-<br><br>STORLIE FURNITURE DISTRIBUTORS, LLC, *doing business as STORLIE FURNITURE GROUP*, and DON SMITH & ASSOCIATES, INC., *doing business as EXPRESS OFFICE FURNITURE*,<br><br>Defendants. | 1:23-cv-06299 (ALC)<br><br><u>OPINION & ORDER</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff OEC Freight (NY), Inc. alleges breach of contract, or in the alternative, unjust enrichment. Currently pending before the Court is Plaintiff's motion for default judgment. For the reasons that follow, the motion is **GRANTED in part**.

## BACKGROUND

### I. Factual History

Plaintiff OEC Freight (NY), Inc., doing business as OEC Group, ("OEC") is a corporation under the laws of New York. *See* ECF No. 1 ¶ 9. Defendant Don Smith & Associates, Inc., doing business as Express Office Furniture, ("DSA") was a corporation organized under the laws of Kansas. *See id.* ¶ 10. On or around March 6, 2013, OEC entered into a Credit Agreement with DSA to broker the transportation of furniture from China to Kansas City, Missouri. *See* ECF No. 44 ¶ 8 (Second Amended Complaint or "SAC"); *see also* ECF No. 44-1 (Credit Agreement). The Credit Agreement provided that unless otherwise "shown on the face of the invoice, it is agreed that [OEC] will receive payment within fifteen (15) days of the invoice date." ECF No. 44-1 at 4.

1

In order to obtain payment for services rendered, OEC sent twenty-three invoices to DSA, dated between February 21 and August 11, 2022. *See* ECF No. 68 Ex. 3 at 1–2 (Elafifi Declaration and supporting exhibits, hereinafter "Elafifi Decl."). The invoices each provide a 30-day deadline for payment. *See id.* at 3–39. The Credit Agreement further provided that if DSA "fail[ed] to keep the account current, all amounts owed by [DSA] shall immediately become due and payable. [DSA] shall also become liable to [OEC] for costs of collection, including reasonable attorney fees, plus one and one half percent (1.5%) interest per month, compounded daily and calculated from the due date of the invoice." ECF No. 44-1 at 4. OEC alleges that DSA had an outstanding balance of $930,738.13 and had accrued more than $150,000 in interest payments when Plaintiff filed its lawsuit. *See* ECF No. 66.

Defendant Storlie Furniture Distributors LLC, doing business as Storlie Furniture Group, ("Storlie") is a limited liability company organized under the laws of Minnesota and whose members are citizens of Nevada and Canada. *See* ECF No. 1 ¶ 11. Storlie allegedly acquired DSA on or before September 27, 2022. *See* SAC ¶ 11. On September 23, 2023, DSA filed for dissolution. *See id.* ¶ 37.

## II. Procedural History

On June 12, 2023, Plaintiff OEC filed an action against Defendants in the Supreme Court of the State of New York, County of New York. *See* ECF No. 1 ¶ 1. On July 20, 2023, Defendant Storlie removed this case to the United States District Court for the Southern District of New York. *See generally id.* On September 21, 2023, OEC filed its First Amended Complaint, naming the same two defendants. *See* ECF No. 16.

Relevant to this opinion, Defendant DSA was served with First Amended Complaint on February 15, 2024. *See* ECF No. 29. When Defendant DSA failed to appear, Plaintiff requested a

Clerk's Certificate of Default, *see* ECF Nos. 30–31, which was issued. *See* ECF No. 31. Having obtained leave of the Court to do so, *see* ECF No. 40, Plaintiff filed the Second Amended Complaint on October 25, 2024, bringing two counts against Defendant DSA for breach of contract and unjust enrichment. *See* ECF No. 44; *id.* at 6, 7. Defendant DSA was served with Second Amended Complaint on November 25, 2024. *See* ECF No. 59 ¶ 15. Plaintiff requested a Clerk's Certificate of Default, *see* ECF Nos. 58–59, which was issued. *See* ECF No. 60.

On March 25, 2025, Plaintiff moved for default judgment against Defendant DSA. *See* ECF Nos. 64–69. The Court issued an Order to Show Cause why default judgment should not be entered, *see* ECF No. 70, which Plaintiff served on Defendant DSA. *See* ECF Nos. 71–72. To date, Defendant DSA has not appeared in this action nor otherwise defended itself with respect to the allegations in the original and amended complaints.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets out a two-step process for the entry of default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). First, the Clerk of the Court automatically enters a certificate of default after the party seeking a default submits an affidavit showing that the other party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); *see also* Local Civil Rule 55.1. Second, after a certificate of default has been entered by the Clerk, the court, on a plaintiff's motion, will enter a default judgment against a defendant that has failed to plead or otherwise defend the action brought against it. *See* Fed. R. Civ. P. 55(b)(2).

By failing to answer the allegations in a complaint, the defaulting defendant admits the plaintiff's allegations, except as to damages. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation–other than the one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied."). However, a district court "need not agree that the alleged facts constitute

3

a valid cause of action." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)) (internal quotation marks omitted). Rather the district court is still "required to determine whether the [plaintiff]'s allegations establish [the defendant]'s liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). In making this determination, the court draws all reasonable inferences in the plaintiff's favor. *See Au Bon Pain*, 653 F.2d at 65.

"[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). To secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (internal quotation omitted).

## DISCUSSION

The Court has reviewed Plaintiff OEC's motion for default judgment and supporting submissions. In light of DSA's default, the Court accepts as true the well-pleaded allegations in the Second Amended Complaint, with the exception of those relating to damages. *See Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. LLC*, 665 F. Supp. 2d 434, 436 (S.D.N.Y. 2009) ("[A]s regards liability [the Court] must accept as true all of the factual allegations of the complaint, but the amount of damages are not deemed true.").

### I. Liability

The Court finds that DSA breached and defaulted on its obligations under the Credit Agreement by failing to pay amounts due OEC. In the Credit Agreement, DSA and OEC consented to both New York choice of law and *in personam* jurisdiction. *See* ECF No. 44-1 at 2. "To prevail

4

on a breach of contract claim under New York law, a plaintiff must prove (1) the existence of a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *LG Cap. Funding, LLC v. M Line Holdings, Inc.*, 422 F. Supp. 3d 739, 755 (E.D.N.Y. 2018) (citing *Terwilliger v. Terwilliger*, 206 F.3d 240, 245–46 (2d Cir. 2000)).

The Second Amended Complaint alleges all four elements. It states that the parties entered into a contract, the Credit Agreement. *See* SAC ¶ 41 ("On or about March 6, 2013, OEC NY and DSA entered into the Credit Agreement and contract regarding the transportation of furniture commodities."). Plaintiff OEC performed its obligations under the Credit Agreement as it "brokered the transportation of furniture commodities for DSA." *Id.* ¶ 9. Nevertheless DSA failed to pay off its debt due and payable to OEC under the Credit Agreement. *See id.* ¶ 44; Elafifi Decl. ¶ 6 (listing the twenty-three unpaid invoices). Accordingly, the Second Amended Complaint states a valid cause of action for breach of contract under Count One.

As the Court finds the existence of a contract between OEC and DSA, default judgment on Count Two would be duplicative. "It is a general rule under New York law that no claim for unjust enrichment lies where the subject matter of the claim is covered by a written contract." *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249 (S.D.N.Y. 2006); *see also Shane Campbell Gallery, Inc. v. Frieze Events, Inc.*, 441 F. Supp. 3d 1, 6 (S.D.N.Y. 2020) ("An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." (internal quotation omitted)). "Because the dispute is governed by a valid contract, Plaintiff[ is] not entitled to recover on an unjust enrichment theory." *La Saltena S.A.U. v. Ercomar Imports Internacional Corp.*, No. 21-CV-4675(KAM)(LB), 2024 WL 2319622, at *7 (E.D.N.Y. May 22, 2024) (quotation omitted). Therefore, default judgment on Count Two of the Second Amended Complaint is denied.

**II.     Damages**

Having found Defendant DSA liable for breach of contract, the Court must now determine whether Plaintiff OEC has substantiated its damages request or if a hearing is necessary to determine the correct amount. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997). OEC contends that a hearing is not necessary because "the well-pleaded allegations in OEC's Second Amended Complaint, plus the documentary evidence submitted together therewith, together with the evidence submitted in connection with this motion for a default judgment provide a clear basis for the damages specified in the default judgment." ECF No. 66 at 14 (citing *D'Arrigo Bros. Co. of New York, Inc. v. KNJ Trading Inc.*, 2020 WL 2060355, at *4 (S.D.N.Y. Apr. 29, 2020)). In its motion for default judgment OEC seeks to recover the principal amount—$930,738.13—along with late penalty payments and New York's statutory pre-judgment interest. *See id.* at 15.

"It is a 'fundamental principle' that an award of damages for breach of contract 'should put the plaintiff in the same economic position he would have been in had the defendant fulfilled the contract.'" *Bank of Am., N.A. v. Brooklyn Carpet Exch., Inc.*, No. 15CV5981 (LGS) (DF), 2016 WL 8674686, at *4 (S.D.N.Y. May 13, 2016) (quoting *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 262 (2d Cir. 2002)), *report and recommendation adopted*, No. 15 CIV. 5981 (LGS), 2016 WL 3566237 (S.D.N.Y. June 27, 2016). "New York law also entitles prevailing plaintiffs to prejudgment interest on any sum awarded for breach of contract." *LG Cap. Funding, LLC v. M Line Holdings, Inc.*, 422 F. Supp. 3d 739, 756 (E.D.N.Y. 2018) (internal quotation omitted). "Where the parties stipulate to an interest rate, prejudgment interest is calculated at the contract rate, until the amount owed under the contract merges into a judgment." *Id.*; *see also NML Cap. v. Republic of Argentina*, 621 F.3d 230, 240 (2d Cir. 2010) ("[W]hen a contract provides for interest

to be paid at a specified rate until the principal is paid, the contract rate of interest, rather than the legal rate set forth in [N.Y. C.P.L.R. §] 5004, governs until payment of the principal or until the contract is merged in a judgment." (internal quotations omitted)), *certified question accepted*, 936 N.E.2d 455 (N.Y. 2010), *and certified question answered*, 952 N.E.2d 482, 489 (N.Y. 2011) ("[I]nclusion of a clause directing that interest accrues at a particular rate 'until the principal is paid' (or words to that effect) alters the general rule that interest on principal is calculated pursuant to New York's statutory interest rate.").

The Court has carefully reviewed the documents Plaintiff submitted in support of its motion for default judgment. Plaintiff's calculation of the principal amount is well supported by the record evidence and the Court independently finds the invoices to total the identical sum of $930,738.13. *See* Elafifi Decl. Ex. 3 at 3–39.

Regarding the "late payment penalty," the Credit Agreement states that if DSA failed to make payments it "shall also become liable to [OEC] for . . . one and one half percent (1.5%) interest per month, compounded daily and calculated from the due date of the invoice." ECF No. 44-1 at 4. This is sufficient to find OEC is entitled to damages accrued pursuant to this clause from the due date of each invoice. But this also evinces the existence of the contracted interest rate, one that supersedes New York's statutory prejudgment interest rate. *See NML Cap.*, 621 F.3d at 240 ("[T]he contract rate of interest, rather than the legal rate set forth in [N.Y. C.P.L.R. §] 5004, governs until payment of the principal or until the contract is merged in a judgment."). Accordingly, the Court finds Plaintiff OEC is entitled to interest under the contract rate, but denies Plaintiff OEC's request to recover additional interest under New York's statutory rate.

With regard to Plaintiff's calculation of interest, the Court finds OEC is unable to adequately support the specific damages it seeks. OEC states that the interest accrued on all the

7

invoices between their due dates and June 12, 2023, when OEC filed this action in state court, equals $177,457.31. *See* Elafifi Decl. ¶ 12. Besides providing the disaggregated interest by invoice, *see id.*, OEC's motion and supporting materials provide no more detail on its methodology. The Court calculates a lower sum—$173,239.61—based on the information in the record. Seven hundred and twenty-five days have passed since OEC filed its complaint, bringing the total compounded interest as of June 6, 2025 to $647,589.62 and the total damage award to $1,578,327.75. Because this calculation differs from that in the Plaintiff's original submission, the Court will provide Plaintiff an opportunity to submit its methodology and alternative figures in response to a separate order to show cause.

## CONCLUSION

For all of the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff OEC's motion for default judgment as to liability. The Court grants default judgment against Defendant DSA as to Plaintiff's breach of contract claim and denies default judgment as to its unjust enrichment claim. The Court will issue a separate order to show cause regarding damages.

The Clerk of Court is respectfully directed to terminate ECF No. 64. Plaintiff is directed to serve a copy of this Opinion and Order on Defendant DSA.

**SO ORDERED.**

**Dated:**    **June 6, 2025**
              **New York, New York**

                                            **ANDREW L. CARTER, JR.**
                                            **United States District Judge**